## STATE v WALLS

Ohio Appeals, 2nd Dist, Clark Co

No 382. Decided June 1, 1938

Harry W. Snodgrass, Springfield, for State.
Sully Jaymes, Springfield, for appellant.

### OPINION .

By BARNES, PJ.

The above entitled cause is now being determined on error from the judgment of

the Municipal Court of the City of Springfield, Clark County, Ohio.

There are some procedural irregularities which we desire to call to the attention of counsel in order that they may be avoided in the future.

First, the notice of appeal states that the appeal is made on question of law and fact. It should read notice of appeal on question of law. Notice of appeal on questions of law and fact is only proper where the action desired to be appealed is a chancery case. Appeals on questions of law are appropriate for error proceedings.

It needs no argument other than the statement that a criminal action is never a chancery case. Reference is made to §12223-1 GC, where the definition of the two forms of appeals is very fully and clearly given.

Parties treated the appeal as a proceeding in error, and we will so consider it.

Our court has been very liberal in granting to counsel a hearing on the appeal regardless of the fact that they improperly designate their appeal one on law and fact.

However, some Courts of Appeal in the state are dismissing cases where the appeal is not properly designated. The question is now pending before the Supreme Court. Counsel should not treat this question lightly.

Another irregularity is in the title of the case. The proper title should be State of Ohio, plaintiff, appellee, v Cable Walls, defendant, appellant. This is provided by §12223-5 GC.

The following brief statement of facts will render understandable the nature of the controversy.

The defendant, Cable Walls, was tried, convicted and sentenced in the Municipal Court of Springfield, Ohio, for illegally transporting liquor in violation of §6064-55 GC.

The assignment of errors as filed contains thirteen separately numbered specifications. We shall take these up in the order set out in the assignment.

"1. THE AFFIDAVIT UPON WHICH DEFENDANT WAS PUT ON TRIAL WAS IMPROPERLY DRAWN AND IMPROPERLY AMENDED AT BAR BY THE PROSECUTING ATTORNEY."

This claimed error does not present itself at all through the record. But for the brief of counsel for appellant, we would be unable to ascertain the nature of this claimed error.

From the brief and from no other source the claim is presented that the original affidavit from which the warrant issued contained in the proper place of defendants only the name of Cable Walls. Two other defendants, Eugene Hinkenbothan and Owen Griffin, were arrested under this same affidavit. The statement is made in the brief that the names of the latter two defendants were not in the body of the affidavit at the time of the arrest, but by leave of court were inserted at the time Hinkenbothan and Griffin were being tried. The statement is made that these two were first tried, and together, and that Walls was later tried and separately The statement is made that the defendants, Hinkenbothan and Griffin, were acquitted. The insertion of the names, in the affidavit would not be prejudicial to the rights of the defendant, Cable Walls, although available to Hinkenbothan and Griffin had either of them been found guilty.

Conceding the form of the affidavit as claimed by counsel for appellant with the names of Hinkenbothan and Griffin omitted, if not regular in form, in all other particulars would constitute a valid and legal charge against Walls. The improper insertion of two other names as joint defendants in the instant case would not be prejudicial to Walls. There might be situations under which such a procedure would be prejudicial, but it does not suggest itself in the instant case.

This ground of error is not well grounded for two reasons, (1) that it is not manifest from the record, and (2) that if existing as claimed the insertion of the names would not be prejudicial.

"2. THE REFUSAL OF THE COURT TO ADMIT CERTAIN TESTIMONY SOUGHT TO BE OFFERED BY THE APPELLANT WHICH SAID TESTIMONY WAS MATERIAL TO THE ISSUE IN THE CASE."

The brief of counsel for appellant makes the statement that this assignment of error has reference to the refusal of the court to permit full and complete examination of the witness, Mr. Seifert, district manager of the Ohio Liquor Control Board, and also to the refusal of the court to permit the defendant, Walls, to testify fully as to the scope and extent of his relationship to and employment by the officers of the

Department of Liquor Control. In searching the record, we fail to find that the court sustained any objection to the testimony of the defendant.

The witness, Seifert, although subpoenaed by defendant, was called by the state in rebuttal. The trial court very properly ruled that the cross-examination of Seifert would be limited to the testimony properly brought out from this witness on rebuttal. Counsel for appellant complains that this witness failed to respond to the subpoena issued on behalf of defendant, but did appear on the second day in response to a telephone call from the City Prosecutor.

The record discloses that the prosecutor offered to permit counsel for defendant to interrogate Seifert as his witness, notwithstanding that defendant had rested his case.

We find no prejudicial error under specification No. 2.

"3. THE ADMISSION OF CERTAIN TESTIMONY OFFERED BY THE STATE THAT SHOULD HAVE BEEN REJECTED AS IMMATERIAL AND IRRELEVANT."

It is stated in the brief that this specification has reference to the testimony of Cliff Davis and his wife as to the hearing of unknown persons in front of their house on the night of the day the defendants were arrested. These two witnesses, Davis and his wife, were called by the prosecution, for the purpose of connecting up testimony of the police officers that a certain automobile moving and stopping along West North Street, in the early morning and while dark, of the day that the defendant was arrested on charge of illegal transportation, was the automobile of the defendant, Cable Walls. Even if it is conceded that the evidence falls short in its identification of Walls, it could not be prejudicial.

"4. PERMITTING PROSECUTING ATTORNEY TO AMEND HIS AFFIDAVIT AT BAR BY INTERLINEATION AND CHANGING OF WORDS WITHOUT HAVING SAID AFFIDAVIT RESWORN BY ITS AFFIANT, ALL OF SAID CHANGES BEING MADE BY PROSECUTOR AFTER THE STATE HAD RESTED ITS CASE AND THE APPELLANT HAD MADE A MOTION TO DISMISS THE ACTION BASED UPON THE AFFIDAVIT IN ITS UNAMENDED FORM."

The affidavit upon which the warrant issued, omitting its formal parts, reads as follows:

"Before me, H. C. Hosterman, clerk of the Municipal Court of the City of Springfield, in the state and county aforesaid personally came Preston Gazaway, who being duly sworn according to law deposeth as follows, to-wit, that on or about the 10th day of April, A.D., 1937, in the City of Springfield and County of Clark aforesaid one Cable Walls, Eugene Hinkenbothan, Owen Griffin, not then and there the owner of a Class H Permit issued by the Department of Liquor Control of the State of Ohio, did then and there on West North Street in the City of Springfield, transport into this state intoxicating liquor, to-wit, ½ pint corn liquor and that the transporting of the aforesaid liquor by the said Cable Walls, Eugene Hinkenbothan and Owen Griffin was contrary to §6064-55 GC and against the peace and dignity of the State of Ohio."

At the close of the State's case, counsel for defendant interposed a motion to dismiss. The third ground of the motion is stated as follows:

"3. That the state has utterly failed to prove that the alleged transportation of the alleged intoxicating liquor was into the state as charged in the affidavit."

The trial court overruled the motion and ordered an amendment of the affidavit to conform to the facts by changing the word "into" to "in", so that the complaint would read—

"Transport in this state intoxicating liquor, to-wit, ½ pint corn liquor, etc."

We think the law is well defined in this state that amendments to affidavits filed in criminal action are not permitted and further that the curative provisions of §13449-5 GC do not apply for the reason that the section specifically refers to indictments or information and does not include affidavits. This principle of law has been definitely determined and adhered to in three separate decisions by Courts of Appeal of this state.

Dievler v State, 43 Oh Ap 350;
Snyder v State, 53 Oh Ap 370;
Toledo v Harris, 56 Oh Ap 251.

To same effect, reference is made to the case of Morehead v Briggs, 152 Illinois Appeals, 361.

The amendments contemplated under the rules prohibiting such are those of substance and not mere form. The trite saying—"Cross your Ts and dot your Is", exemplifying strict construction, is not the character of amendments abhorrent to the law. Same principle applies to misspelled words and ungrammatical sentences. A "T" even though not crossed, and an "I", even though not dotted, the word although misspelled, remains the same. An ungrammatical statement conveys the same idea as though correctly stated. In effect, this means that the amendment is not made at all. The affidavit must be measured as originally filed and not in the light of its amendment. If, as originally filed, it fails to state all the elements of a crime, the law will not permit it to be stated through the amendment. It is unquestionably true that the word "in" is preferable to "into", but from the context as a whole, the defendant was adequately advised that he was being charged with transporting liquor on West North Street, in the city of Springfield, Ohio, and this is the gist of the offense regardless of whether or not it was imported into the state or procured from some place within the state.

In passing, we might say we could commend a practice and suggest to all officials the importance of checking and in the words of Andrew Brown "double checking" all important documents. This constant practice will avoid a great deal of trouble. We find no prejudicial error under specification No. 4.

"5. THAT THE JUDGE OF THE ABOVE COURT WAS NOT A COMPETENT PERSON TO SIT AS JUDGE AT THE TRIAL OF APPELLANT (DEFENDANT BELOW), AS HE HAD OPENLY EXPRESSED AN OPINION AS TO THE GUILT OF SAID APPELLANT, AND HAD OPENLY STATED—'THE DEFENDANT IS A BAD FELLOW, AND I INTEND TO GIVE HIM THE LIMIT, IF HE IS FOUND GUILTY'."

An examination of the record will disclose that this question was not raised at the proper time. Every accused has a right to have his case tried to an unbiased and unprejudiced Judge, but where the elements of bias and prejudice are present so as to disqualify the judge, the question must be raised before going to trial, unless, perchance, the fact of bias and prejudice was unknown, in which instance it must appear that such bias and prejudice worked to the prejudice of the complaining party. In the instant case, the first reference we find to this claimed unfriendly attitude of the trial court is in affidavits of the plaintiff and his counsel accompanying the motion for new trial. From the affidavits it is apparent that all the claimed facts were known before the trial started.

In addition we might say that we have examined the record and we find nothing from which it can be inferred that the defendant was being tried before a prejudiced court.

"6. ERROR IN REFUSING TO SUSTAIN DEMURRER TO AFFIDAVIT IN ABOVE CASE: AND IN NOT SUSTAINING DEFENDANT'S MOTION TO QUASH SAID AFFIDAVIT."

This ground of error is not well grounded for the reason that the record does not disclose that either a demurrer or motion to quash was submitted and passed upon.

"7. ERROR IN REFUSING TO SUSTAIN DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF 'NOT GUILTY' MADE BY THE DEFENDANT WHEN THE STATE HAD RESTED ITS CASE."

The record discloses that at the close of the state's case, counsel for defendant interposed motion to direct a verdict on the following grounds:

1. The state has failed to prove venue in this action.

2. That the state has failed to introduce sufficient testimony to make a prima facie case against the defendant as he is herein charged.

3. That the state has utterly failed to prove that the alleged transportation of the alleged intoxicating liquor was into the state as charged in the affidavit.

Taking these grounds up in order, we find specific evidence presented by the state that the alleged crime was committed within the City of Springfield, Clark County, Ohio.

On the second ground, we have no difficulty in determining that there was substantial evidence presented and that the court properly presented a question of fact to the jury.

The third ground has heretofore been fully discussed under specification No. 4. No prejudicial error disclosed.

"8. ERROR IN REFUSING TO GIVE CERTAIN SPECIAL CHARGES REQUEST-

ED BY THE DEFENDANT IN ADVANCE TO THE ARGUMENT."

Although not material, the record discloses that the applications to charge were made following the argument and not in advance thereof. The court gave special request No. 1, and denied special request No. 2. The latter reads as follows:

"I charge you that in every criminal case you can not find the defendant guilty until you have been convinced beyond a reasonable doubt that every material element of the crime charged has been proven by the state beyond a reasonable doubt."

"And I further charge you every reasonable doubt you may have as to the Walls guilt should be resolved in his favor for if such a reasonable doubt exists in your mind, your only safe course would be to acquit him of said charge."

This special request contained the following notation:

"Refused because fully covered in general charge. F. A. Wagner, J."

An examination of the general charge disclosed that the trial court did fully and correctly charge the jury on █ every question presented through this special request No. 2. In a criminal action it is never error for the trial court to refuse to give special requests as presented. The rule obtaining in civil actions does not apply in criminal actions. We find no error in specification No. 8.

"9. ERROR IN THE GENERAL CHARGE OF THE COURT TO THE JURY."

The only comment relative to this claimed error in brief of counsel for appellant is the following:

"Error in general charge. This has been covered in oral argument."

For control in future cases, we would suggest to counsel that all claimed errors and comments thereon be set out in briefs whereby the court may readily ascertain the viewpoint of counsel. Hearing as many cases as we do and the necessary delay following the oral presentation, it is impossible for us to remember everything that counsel say in their oral arguments. However, on our own initiative, we have examined the charge of the court with great care. We find no error; and futher might say that we consider it a very clear and correct presentation of the questions properly presented to the jury.

"10. NEWLY DISCOVERED EVIDENCE."

The record fails to present any data supporting the claim of newly discovered evidence. Counsel for appellant █ in the brief says that he refers to witnesses Pickerel and Devine, who were subpoenaed but did not appear. The statement is made that these two witnesses were enforcement officers under the Ohio Liquor Control Board. If these witnesses were important to defendant's defense, were timely subpoenaed and failed to appear, counsel for defendant should have asked for a continuance or have had a citation issued through which witnesses properly subpoenaed could have been brought in. This was not done. So far as the record discloses no mention whatever was made in reference to these absent witnesses at the time the hearing started. No error is manifest through this specification.

"11. MISCONDUCT OF PROSECUTING ATTORNEY."

The brief has the comment "covered in oral argument to the court." In addition to what we said relative to specification No. 8, we might add that it is the province of an oral argument to augment and emphasize the claims made in briefs and should not ever take the place of written briefs. If we remember correctly, the claimed misconduct of the prosecuting attorney was in his argument to the jury, wherein he made the following statement referring to the police officers called as the state's witnesses:

"The kind of men that were shot down in the course of their duty a few days ago (referring to Deputy Sheriff Furry and Officer Randolph)."

At that particular time such comments by the prosecutor might well have been left unsaid, and it might have been well for the court to admonish the jury that they should not be influenced by the statements. However, considering the case in all its aspects, we are unwilling to say that this statement of the prosecuting attorney would constitute prejudicial error.

"12. FAILURE TO SUSTAIN APPELLANT'S MOTION FOR NEW TRIAL."

This specification is an omnibus statement including within its scope all the specifications heretofore discussed. We find no reason to make any further statements.

"13. THAT THE VERDICT OF THE JURY WAS THE RESULT OF PREJUDICE, WAS CLEARLY AGAINST THE WEIGHT OF THE TESTIMONY AND CONTRARY TO LAW."

The determination of this specification of error requires a very careful reading and analysis of the record. It is our conclusion that the jury were within their rights in determining the defendant guilty.

The judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.